UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANDRA KUMARIE MANIRAM,<br><br>                              Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                              Defendant. | **MEMORANDUM AND ORDER**<br><br>20-CV-4085 (LDH) |

LaSHANN DeARCY HALL, United States District Judge:

For the reasons stated on the record at the March 15, 2022 oral argument and as set out in summary below, Plaintiff's motion for judgment on the pleadings is GRANTED in part and DENIED in part. The Commissioner's cross-motion is DENIED in part and GRANTED in part.

## BACKGROUND

On March 30, 2017, Plaintiff protectively filed a Title II application for disability insurance benefits ("DIB"), alleging disability beginning October 24, 2016. (R.1 40, 456–62.) The application was denied, and Plaintiff requested a hearing. (R. 40, 386–91.) Plaintiff appeared with counsel and testified before an ALJ on March 12, 2019. (R. 40, 351–73). On April 22, 2019, the ALJ found Plaintiff was not disabled. (R. 37–53.) Plaintiff requested review by the Appeals Council, which was denied on April 28, 2020, making the ALJ's decision the final decision of the Commissioner. (R. 29, 32, 1–7.) On September 1, 2020, Plaintiff appealed the decision to this Court. The Court assumes the parties' familiarity with the facts.

## STANDARD OF REVIEW

Under the Social Security Act, a disability claimant may seek judicial review of the Commissioner's decision to deny his application for benefits. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Felder v. Astrue*, No. 10-cv-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept.

11, 2012).  In conducting such a review, the Court is tasked only with determining whether the Commissioner's decision is based upon correct legal standards and supported by substantial evidence.  42 U.S.C. § 405(g); *see also Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).

The substantial-evidence standard does not require that the Commissioner's decision be supported by a preponderance of the evidence.  *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence…").  Instead, the Commissioner's decision need only be supported by "more than a mere scintilla" of evidence and by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019).

In deciding whether substantial evidence supports the Commissioner's findings, the Court must examine the entire record and consider all evidence that could either support or contradict the Commissioner's determination.  *See Jones ex rel. T.J. v. Astrue*, No. 07-cv-4886, 2010 WL 1049283, at *4 (E.D.N.Y. Mar. 17, 2010) (citing *Snell v. Apfel*, 171 F.3d 128, 132 (2d Cir. 1999)), *aff'd sub nom. Jones ex rel. Jones v. Comm'r of Soc. Sec.*, 432 F. App'x 23 (2d Cir. 2011).  Still, the Court must defer to the Commissioner's conclusions regarding the weight of conflicting evidence.  *See Cage v. Comm'r of Social Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)).  If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.  *Ortiz v. Comm'r of Soc. Sec.*, No. 15-CV-3966, 2016 WL 3264162, at *3 (E.D.N.Y. June 14, 2016) (citing 42 U.S.C. § 405(g)).  Indeed, if supported by substantial evidence, the Commissioner's findings must be sustained, even if substantial evidence could support a

contrary conclusion or where the Court's independent analysis might differ from the Commissioner's. *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)); *Anderson v. Sullivan*, 725 F. Supp. 704, 706 (W.D.N.Y. 1989); *Spena v. Heckler*, 587 F. Supp. 1279, 1282 (S.D.N.Y. 1984).

## DISCUSSION

Plaintiff brings two primary challenges to the ALJ's determination in this case: *First*, that the ALJ failed to properly evaluate the opinions of Dr. Majeed and Dr. Yevsikova and that the Residual Functional Capacity ("RFC") was not supported by substantial evidence; and *second*, that the ALJ improperly evaluated Plaintiff's subjective statements regarding the intensity, persistence, and limiting effects of her symptoms.

As to Plaintiff's first challenge, substantial evidence in the record, particularly Dr. Majeed's own treatment records, supports the ALJ's determination that the opinions of Dr. Majeed were not persuasive. With respect to Dr. Yevsikova, the ALJ did not err in considering her opinion. While an ALJ should not rely heavily on the findings of a consultative physician after a single examination, "the opinions of consultative examining medical sources can constitute substantial evidence in support of the ALJ's decision if they are supported by evidence in the record." *Jakubowski v. Berryhill*, No. 15-CV-6530 (MKB), 2017 WL 1082410, at *17 (E.D.N.Y. Mar. 22, 2017) (citing *Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011)). Moreover, that Dr. Yevsikova did not review the imaging results is of no moment where such results would not support more restrictive limitations than those set forth in her opinion.

Furthermore, even where there is "no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional

3

capacity.'" *Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109-10 (2d Cir. 2020) (summary order). Here, the RFC was properly supported by substantial evidence in the record.

However, the ALJ did err by failing to provide an explanation for supporting a sedentary RFC despite finding persuasive Dr. Yevsikova's opinion, which determined that Plaintiff had moderate limitations in sitting, standing or walking for prolonged periods. "[S]everal courts have upheld an ALJ's decision that the claimant could perform light or sedentary work even when there is evidence that the claimant had moderate difficulties in prolonged sitting or standing." *Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014) (citations omitted); *Santiago v. Berryhill*, No. 16-CV-6459-FPG, 2017 WL 2728584, at *4 (W.D.N.Y. June 26, 2017). "Under these circumstances, however, the ALJ must 'discuss and provide reasons tending to support the finding that, despite the moderate limitations ... [the claimant] could still perform light [or sedentary] work.'" *Santiago*, 2017 WL 2728584, at *4 (citing *Carroll*, 2014 WL 2945797, at *4); *see also Buchanan v. Colvin*, 15-CV-88S, 2016 WL 2729593, at *4 (W.D.N.Y. May 11, 2016) ("[B]ecause the ALJ failed to provide any reasoning behind the RFC, or explanation as to how sedentary work is consistent with Plaintiff's moderate physical limitations, this Court is unable to conduct a meaningful review as to whether the RFC is supported by substantial evidence."). For this reason, the case is remanded for the ALJ to provide reasons tending to support the finding that, despite the moderate limitations in sitting, Plaintiff can nevertheless perform sedentary work.

Plaintiff's second challenge, however, fails. The ALJ did not discount Plaintiff's subjective statements based solely on objective medical evidence, which is defined by the SSA as "medical evidence that provides signs or laboratory findings." Soc. Sec. Ruling 16-3p: Titles II & Xvi: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Mar. 16, 2016). "A

4

report of minimal or negative findings or inconsistencies in the objective medical evidence is one of the many factors [the SSA] must consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms." *Id.*  The other factors and ALJ may consider include a medical source's diagnoses, prognoses, and opinions as well as statements and medical reports about an individual's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms.  *Id.*  Here, the ALJ did not err by relying on objective medical evidence in conjunction with other factors, to determine that Plaintiff's subjective statements with regard to the intensity, persistence, and limiting effects of an individual's symptoms were not consistent with the evidence in the record.

Accordingly, the ALJ's findings were based on the correct legal standards and supported by substantial evidence, with one exception: The ALJ failed to provide an explanation for supporting a sedentary RFC despite finding persuasive Dr. Yevsikova's opinion, which determined that Plaintiff had moderate limitations in sitting, standing, or walking for prolonged periods.

## CONCLUSION

For the reasons stated on the record and set forth herein, Plaintiff's motion for judgment on the pleadings is GRANTED in part and DENIED in part, and the Commissioner's cross-motion is DENIED in part and GRANTED in part.  Plaintiff's motion is granted, and the Commissioner's motion is denied, with respect to the ALJ's failure to provide an explanation for supporting a sedentary RFC despite finding persuasive Dr. Yevsikova's opinion, which determined that Plaintiff had moderate limitations in sitting, standing or walking for prolonged periods.  The decision of the Commissioner is affirmed in all other respects.  The case is

remanded for the limited purpose of providing the ALJ with an opportunity to provide such explanation.

                                                         SO ORDERED.

Dated: Brooklyn, New York              /s/ LDH
       March 21, 2022                  LASHANN DEARCY HALL
                                         United States District Judge